UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 1:20-cr-0021 SEB-MJD |
| v. | ) | CAUSE NO. |
| CHARLES HOUSE, | ) | -01 |
| SEAN BROWN, | ) | -02 |
| TOMMY COMPTON, and | ) | -03 |
| MARCUS HAYES-PATTERSON, | ) | -04 |
| Defendants. | ) | |

## INDICTMENT

### COUNT ONE

[Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances]
21 U.S.C. §§ 846 and 841(a)(1)

The Grand Jury charges that:

Beginning in or around October 2018, and continuing through on or about January 4, 2020, in the Southern District of Indiana, Indianapolis Division, and elsewhere, CHARLES HOUSE, SEAN BROWN, TOMMY COMPTON, and MARCUS HAYES-PATTERSON, the defendants herein, did knowingly and intentionally conspire together and with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1. To possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance.

2. To possess with the intent to distribute and to distribute marijuana, a Schedule I, non-narcotic controlled substance.

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1. HOUSE obtained methamphetamine and marijuana from an unidentified source in California and mailed the drugs back to Indiana.

2. HOUSE possessed with intent to distribute methamphetamine and marijuana in and around Anderson, Indiana. HOUSE further maintained residences in Anderson, Indiana, to store and distribute drugs.

3. HOUSE supplied methamphetamine and marijuana to BROWN for re-distribution. BROWN re-distributed the methamphetamine in and around Anderson, Indiana.

4. HOUSE supplied marijuana to HAYES-PATTERSON for re-distribution.

5. COMPTON maintained a residence and a business in Indianapolis, Indiana to store and distribute drugs and supplied HOUSE with marijuana for redistribution.

6. The co-conspirators used cellular telephones and code words to facilitate their drug trafficking activities.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below, the defendants and others performed acts in furtherance of the conspiracy and to effect the goals of the conspiracy, in the Southern District of Indiana, Indianapolis Division, and elsewhere, including but not limited to the following:

1. On or about October 25, 2018, HOUSE and BROWN, along with others known to the Grand Jury, traveled to California to purchase methamphetamine and marijuana.

2. On or about October 29, 2018, HOUSE mailed packages of methamphetamine and marijuana from California to addresses in Anderson, Indiana.

3. On or about November 14, 2018, BROWN delivered approximately one pound of a mixture or substance containing methamphetamine to Individual #1 (an individual known to the Grand Jury) in Anderson, Indiana.

4. On or about December 15, 2018, BROWN delivered approximately one pound of a mixture or substance containing methamphetamine to Individual #1 (an individual known to the Grand Jury) in Anderson, Indiana.

5. On or about July 26, 2019, HOUSE delivered approximately one pound of marijuana to Individual #2 at a residence in Anderson, Indiana.

6. On or about August 6, 2019, HOUSE delivered approximately one pound of marijuana to Individual #2 (an individual known to the Grand Jury) at a residence in Anderson, Indiana.

7. On or about September 19, 2019, HOUSE delivered approximately two pounds of marijuana to Individual #2 (an individual known to the Grand Jury) at a residence in Anderson, Indiana.

8. On or about October 3, 2019, HOUSE mailed packages of marijuana to an address in Anderson, Indiana.

9. On or about October 4, 2019, HOUSE delivered approximately two pounds of marijuana to Individual #2 (an individual known to the Grand Jury) at a residence in Anderson, Indiana.

10. On or about October 28, 2019, COMPTON delivered marijuana to HOUSE at a business, located at 3513 North Arlington Avenue, in Indianapolis, Indiana for redistribution.

11. On or about October 28, 2019, HOUSE delivered marijuana to HAYES-PATTERSON, at a residence located at 2931 Columbus Avenue in Anderson, Indiana, for redistribution.

12. On or about November 1, 2019, HOUSE delivered approximately one pound of marijuana to Individual #2 (an individual known to the Grand Jury) at a residence located at 1804 Hendricks Street, in Anderson, Indiana.

13. On or about November 14, 2019, COMPTON delivered approximately nine pounds of marijuana to HOUSE in at a business, located at 3513 North Arlington Avenue, in Indianapolis, Indiana for redistribution.

14. On or about November 14, 2019, HOUSE delivered marijuana to HAYES-PATTERSON at a residence located at 1804 Hendricks Street, Anderson, Indiana, for redistribution.

15. On or about November 19, 2019, HOUSE delivered marijuana to BROWN at a residence located at 1804 Hendricks Street, Anderson, Indiana.

16. On or about November 27, 2019, HOUSE delivered approximately three pounds of marijuana to Individual #2 at a residence in Anderson, Indiana.

17. On or about December 7, 2019, COMPTON delivered marijuana to HOUSE at a residence located at 736 Schmitt Road in Indianapolis, Indiana for redistribution.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

[Attempted Possession with Intent to Distribute 500 Grams or More of Methamphetamine]
21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846

The Grand Jury further charges that:

On or between October 25 and October 30, 2018, in the Southern District of Indiana, Indianapolis Division, CHARLES HOUSE did attempt to knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## COUNT THREE

[Distribution of 50 Grams or More of Methamphetamine]
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

The Grand Jury further charges that:

On or about November 14, 2018, in the Southern District of Indiana, Indianapolis Division, Defendant SEAN BROWN did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT FOUR

[Distribution of 50 Grams or More of Methamphetamine]
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

The Grand Jury further charges that:

On or about December 15, 2018, in the Southern District of Indiana, Indianapolis Division, Defendant SEAN BROWN did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT FIVE

[Distribution of Marijuana]
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

The Grand Jury further charges that:

On or about July 26, 2019, in the Southern District of Indiana, Indianapolis Division, the Defendant, CHARLES HOUSE, did knowingly and intentionally distribute marijuana, a Schedule I, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

## COUNT SIX

[Distribution of Marijuana]
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

The Grand Jury further charges that:

On or about August 6, 2019, in the Southern District of Indiana, Indianapolis Division, the Defendant, CHARLES HOUSE, did knowingly and intentionally distribute marijuana, a

Schedule I, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

## COUNT SEVEN

[Distribution of Marijuana]
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

The Grand Jury further charges that:

On or about September 19, 2019, in the Southern District of Indiana, Indianapolis Division, the Defendant, CHARLES HOUSE, did knowingly and intentionally distribute marijuana, a Schedule I, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

## COUNT EIGHT

[Distribution of Marijuana]
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

The Grand Jury further charges that:

On or about October 4, 2019, in the Southern District of Indiana, Indianapolis Division, the Defendant, CHARLES HOUSE, did knowingly and intentionally distribute marijuana, a Schedule I, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

## COUNT NINE
[Distribution of Marijuana]
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

The Grand Jury further charges that:

On or about November 1, 2019, in the Southern District of Indiana, Indianapolis Division, the Defendant, CHARLES HOUSE, did knowingly and intentionally distribute marijuana, a Schedule I, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

## COUNT TEN
[Distribution of Marijuana]
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

The Grand Jury further charges that:

On or about November 27, 2019, in the Southern District of Indiana, Indianapolis Division, the Defendant, CHARLES HOUSE, did knowingly and intentionally distribute marijuana, a Schedule I, non-narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

## COUNT ELEVEN
[Unlawful Use of Communication Facility]
21 U.S.C. § 843(b)

The Grand Jury further charges that:

On or about November 11, 2019, in the Southern District of Indiana, Indianapolis Division, and elsewhere, Defendants CHARLES HOUSE and MARCUS HAYES-PATTERSON did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act, to wit: HOUSE and HAYES-PATTERSON communicated via cellular telephone and discussed HAYES-PATTERSON obtaining marijuana from HOUSE for re-distribution, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT TWELVE
[Unlawful Use of Communication Facility]
21 U.S.C. § 843(b)

The Grand Jury further charges that:

On or about October 28, 2019, in the Southern District of Indiana, Indianapolis Division, and elsewhere, Defendants CHARLES HOUSE and TOMMY COMPTON did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act, to wit: HOUSE and COMPTON communicated via cellular telephone and discussed HOUSE obtaining marijuana from COMPTON for re-distribution, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

# **FORFEITURE**

1. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2. Pursuant to Title 21, United States Code, Section 853, if convicted of any of the offenses set forth in Counts One through Ten of the Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

3. The property subject to forfeiture includes, but is not necessarily limited to, the following: any proceeds of drug trafficking activity.

4. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 4, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be divided without difficulty.

5. In addition, the United States may seek civil forfeiture of the property described above in paragraph 4 pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:



FO

JOSH J. MINKLER
United States Attorney

By: Lindsay Karwoski
Assistant United States Attorney

11